IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 1:09-cr-10009-JDB-1

FELIX JELKS,

    Defendant.

ORDER TRANSFERRING MOTION TO SIXTH CIRCUIT
AS A SECOND OR SUCCESSIVE § 2255 MOTION

On December 7, 2022, the Defendant, Felix Jelks, filed a document styled "Motion under 28 U.S.C. § 1361 for Writ of Mandamus." (Docket Entry ("D.E.") 194.) The motion is in the nature of a 28 U.S.C. § 2255 motion to vacate, set aside, or correct the Defendant's sentence. *See Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)) ("If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner.") For the following reasons, the motion is TRANSFERRED to the Sixth Circuit as a second or successive § 2255 motion.

In November 2009, Jelks pleaded guilty in the present matter to one count of conspiracy to possess over 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. (D.E. 53.) In 2013, the Defendant filed a § 2255 motion asserting that his defense counsel provided ineffective assistance. (*See Jelks v. United States*, No. 1:13-cv-01007-JDB-egb, D.E. 1 (W.D. Tenn.).) The Court denied relief in 2015. (*See id.* at 27.) The motion now before the Court alleges that the drug quantity attributed to Jelks for sentencing purposes was "miscalculated." (D.E. 194 at PageID 643.) The claim is a new ground for relief and therefore constitutes a second or

successive § 2255 motion. *See* 28 U.S.C. § 2244(b); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a claim filed subsequent to a first § 2255 petition which asserts a "new ground for relief" is a second or successive petition).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not yet obtained authorization from the United States Court of Appeals for the Sixth Circuit to proceed with his second or successive § 2255 motion in this Court.[1] The motion is therefore TRANSFERRED to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (holding that district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

IT IS SO ORDERED this 4th day of January 2023.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[1] The Defendant has filed so many "frivolous and repetitive" applications with the Sixth Circuit that the appellate court now requires him to first obtain leave from a "single [appellate] judge" to file "any future" applications. (*In re Jelks*, No. 21-6086, D.E. 11-2 at 3 (6th Cir. June 21, 2021)). Therefore, although this Court must transfer the inmate's motion to the Sixth Circuit, that tribunal will make the decision as to whether it will even entertain the application.